**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Fredesminda YABUT–BALUYUT,**
**Defendant–Appellant.**

**No. 02–50390.**

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted June 9, 2003.*

Decided June 12, 2003.

Before: RYMER, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Fredesminda Yabut–Baluyut appeals her jury trial conviction for conspiracy to illegally possess and distribute pseudophedrine, in violation of 21 U.S.C. §§ 846 and 841(d)(2);[1] four counts of illegal possession and distribution of pseudophedrine, in violation of 21 U.S.C. § 841(d)(2); two counts of illegal distribution of pseudophedrine, in violation of 21 U.S.C. §§ 841(g)(1)[2] and 822(b); and two counts of failure to make or keep records, in violation of 21 U.S.C. § 841(g)(2).[3] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Yabut–Baluyut contends that the district court erred by failing to dismiss the conspiracy charge and the four counts of illegal possession and distribution of pseudophedrine because they were duplicitous. In the alternative, Yabut–Baluyut contends that the district court erred by failing to give the jury a unanimity instruction. Reviewing de novo, *United States v. Martin*, 4 F.3d 757, 759 (9th Cir.1993), we conclude that, because the statute disjunctively defines different means of committing a single offense, the indictment permissibly charges such means in the conjunctive. *See United States v. UCO Oil Co.*, 546 F.2d 833, 835–38 (9th Cir. 1976) (enumerating factors to consider in determining whether indictment is duplicitous). Accordingly, the district court neither erred by refusing to dismiss the

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. This provision is re-designated 21 U.S.C. § 841(c)(2) (2003).

2. This provision is re-designated 21 U.S.C. § 841(f)(1) (2003).

3. This provision is re-designated 21 U.S.C. § 841(f)(2) (2003).

charges, nor by failing to give the jury a unanimity instruction.

**AFFIRMED.**